IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TROY ADAMS,       :
        Plaintiff,       :       CIVIL ACTION NO. 3:15-cv-1321
                  :       *FILED*
v.       :       *WILKES BARRE*
                  :       (Conner, C. J.)       *APR 0 6 2016*
NANCY A. GIROUX, et al.       :       (Saporito, M.J.)
        Defendants.       :       *Per M S*

MEMORANDUM

Plaintiff, Troy Adams, an inmate currently confined at the State

Correctional Institute at Albion ("SCI-Albion") initiated the instant civil

rights action pursuant to 42 U.S.C. §1983. Presently pending before the

court is plaintiff's motion to appoint counsel. (Doc. 39). For the following

reasons, the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to

appointment of counsel in a civil case, the Court has discretion "to request

an attorney to represent any person unable to afford counsel." 28 U.S.C.

§1915(e)(1); *Parham v. Johnson*, 126 F.3d 454,456-57 (3d Cir. 1997);

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*,

6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the

Third Circuit has stated that the appointment of counsel for an indigent

litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1)   the plaintiff's ability to present his or her own case;

(2)   the difficulty of the particular legal issues;

(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4)   The plaintiff's capacity to retain counsel on his or her own behalf;

(5)   the extent to which the case is likely to turn on credibility determinations; and

(6)   whether the case will require testimony from expert witnesses.

Id. (Citing *Tabron,* 6 F.3d at 155-57). The Third Circuit Court of Appeals

added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. See *Gordon v. Gonzalez,* 232 Fed. Appx. 153 (3d Cir. 2007). In *Tabron*, the court emphasized that volunteer lawyer time is extremely valuable and court should not appoint counsel indiscriminately. *Tabron,* 6 F.3d at 157.

Assuming *arguendo* that the amended complaint has merit, plaintiff fails to set forth sufficient circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 156-58. The plaintiff requests that we grant his motion for the following reasons: (1) he is without funds to afford counsel; (2) his imprisonment will limit his ability to litigate; (3) the issues are too complex for him to handle on his own and will require significant research and investigation; and (4) a trial will likely involve conflicting testimony and therefore counsel is better equipped to handle witness interrogation. (Doc. 39). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. In his complaint (Doc. 1), the plaintiff demonstrates the ability to present

comprehensible arguments and to present his own case.   He makes

reference to pertinent statutes.  Furthermore, despite his incarceration,

investigation of the facts is not beyond plaintiff's capabilities and he is

familiar with the facts of this case. He has set forth the pertinent facts in

separate numbered paragraphs.

It is also noted that this court does not have a large group of

attorneys who would represent the plaintiff in this action in a *pro bono*

capacity.

Based on the foregoing, it does not appear that plaintiff will suffer

prejudice if forced to prosecute this case on his own.  The Court's duty to

construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972),

*Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with plaintiff's

apparent ability to litigate this action, militate against the appointment

of counsel.  Accordingly, the motion for appointment of counsel will be

denied, without prejudice.  As the Court in *Tabron* stated,

> [A]ppointment of counsel under §1915(d) may be made at
> any point in the litigation and may be made by the
> district court *sua sponte* ...even if it does not appear until
> trial (or immediately before trial) that an indigent
> litigant is not capable of trying his or her case, the

district court should consider appointment of counsel at
that point.

*Tabron*, 6 F.3d at 156-57.  Therefore, in the event that future proceedings
demonstrate the need for counsel, the matter may be reconsidered either
*sua sponte* or upon motion of the plaintiff.

A separate Order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 6, 2016

5