IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY ADAMS, | : | CIVIL NO.: 1:15-cv-1321 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Conner, C.J.) |
| | : | (Saporito, M.J.) |
| NANCY A. GIROUX, et al. | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

This is a prisoner civil rights action initiated upon filing of the plaintiff's-prisoner civil rights complaint on July 6, 2015. (Doc. 1). This matter comes before the court on a motion by the plaintiff for a transfer to a non-DOC facility which we shall construe as a preliminary injunction. (Doc. 30). See generally, Mala v. Crown Bay Arena, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013)(discussing a court's obligation to liberally construe pro se pleadings and other submissions, particularly when dealing with imprisoned pro se litigants.

I.  BACKGROUND

The complaint is actually a series of four preprinted civil rights complaint forms, each naming three of the twelve defendants, describing their allegedly wrongful conduct, and requesting identical relief as against

each defendant. ((Doc. 1). In his complaint, Adams alleges that he was assaulted on January 13, 2014, by another non-party inmate (Id. at 3). Adams maintains that this incident was not properly investigated, and that he has not received follow-up medical attention for this incident. (Id. at 3,7).

On November 30, 2015, Adams filed a motion for transfer to a non-DOC facility (Doc. 30). Specifically, he requests to be housed in the York County Prison until he is released on parole. (Id.). On December 2, 2015, we ordered Adams to file a brief in support of the motion, which he filed on December 14, 2015, (Docs. 31, 33). On December 28, 2015, the defendants filed their brief in opposition to Adams's motion. (Doc. 37). This matter is now ripe for disposition.

II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain, 145 F. Supp. 2d 621, 625

(M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party who bears the burden of satisfying these factors. Bell, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury pendente lite if the relief is not granted."[1] United States v. Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." Holiday Inns of Am., Inc. v. B&B

---

[1] Pendente lite is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." Black's Law Dictionary 1154 (7th ed.1999).

3

Corp., 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." <u>Angstadt ex rel. Angstadt v. Midd-West Sch.</u>, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" <u>Continental Grp., Inc. v. Amoco Chems. Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent <u>future</u> irreparable harm." <u>Fisher v. Goord</u>, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Here, Adams has failed to articulate any immediate irreparable injury that he will suffer if preliminary injunctive relief is not granted. He claims that irreparable harm "might happen" because of the existence of this case. (Doc. 33, at 1). He fails to allege any facts to suggest the existence of an actual and imminent threat of harm. He claims that he was threatened with bodily injury but fails to identify the date and alleged perpetrators. (<u>Id.</u>). He further claims that when he spoke with another

inmate about a problem, he was punched in the head, notified the staff, and then nothing further happened. Here again, Adams fails to set forth the date and alleged perpetrators. (Id.). Finally, he claims that his home plan is missing from his application for parole. He infers that the staff is responsible for the missing documents. (Id.). We conclude that a preliminary injunction is not warranted on the record before us. Robertson v. Samuels, 593 Fed. App'x. 91, 93 (3d Cir. 2014) (preliminary injunction not warranted where plaintiff prisoner failed to identify any of the named defendants as the perpetrators of alleged retaliation.).

Several other factors militate against the plaintiff's request for preliminary injunctive relief. First, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." Jones v. Taylor, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220–23 (1945)); see also Kaimowitz v.

Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing De Beers, 325 U.S. at 220); Dopp v. Jones, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing De Beers, 325 U.S. at 220) (footnote omitted). Here, the plaintiff's complaint concerns the response of certain prison officials to a January 2014 assault on Adams by another inmate, but his motion for a preliminary injunction concerns the response of an entirely different set of prison officials to an entirely unrelated assault on Adams by a different inmate that occurred in December 2015, nearly two years later. Ultimately, "the court does not have jurisdiction over the claims raised by [Adams] in his motion for an injunction because those matters are not part of this action." *Jones*, 2013 WL 1899852, at *2.

Second, the requested injunctive relief is sought with respect to prison officials who are not parties to this litigation. As the Third Circuit has recognized, "[a] non-party cannot be bound by the terms of an

injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." Elliott v. Kiesewetter, 98 F.3d 47, 56 n.5 (3dCir. 1996); see also Fed. R. Civ. P. 65(d)(2); Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit."). Adams has made no showing whatsoever that these non-party officials were acting "in active concert or participation" with the defendants in retaliating against him as alleged in his motion papers.

Finally, to the extent Adams suggests that a preliminary injunction is necessary to protect him from self-harm, "[i]f the harm complained of is self-inflicted, it does not qualify as irreparable [harm]." Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3d Cir. 1995).

III. Recommendation

Based on the foregoing, it is recommended that Adams's motion for transfer, (Doc. 30) construed as a motion for a temporary retraining order and preliminary injunction, be DENIED.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**U.S. Magistrate Judge**

**Dated: April 14, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY ADAMS, | : | CIVIL NO.: 1:15-cv-1321 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Conner, C.J.) |
| | : | (Saporito, M.J.) |
| NANCY A. GIROUX, et al. | : | |
| Defendant. | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 14, 2016.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<u>*s/ Joseph F. Saporito, Jr*</u>.
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: April 14, 2016**